UNITED STATE DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

| | |
|---|---|
| COLDWELL BANKER REAL ESTATE LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>SMILE ENTERPRISES, INC., a California corporation doing business as COLDWELL BANKER HOME REAL ESTATE and COLDWELL BANKER FOOTHILL REALTY; and LANE MYERS, an individual,<br><br>Defendants. | CASE NO. CV 11-00833 VBF (JEMx)<br><br>**[PROPOSED] JUDGMENT RE: PLAINTIFF COLDWELL BANKER REAL ESTATE LLC'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS SMILE ENTERPRISES, INC. AND LANE MYERS [26]** |

///

///

///

The Court, having considered Plaintiff COLDWELL BANKER REAL ESTATE LLC'S ("Plaintiff" or "Coldwell Banker") Motion for Default Judgment Against Defendants SMILE ENTERPRISES, INC. and LANE MYERS (collectively, "Defendants"), including the Declaration of Jacqueline Bertet and Declaration of Aaron P. Rudin, the Written Request to Have Attorneys Fees Fixed by the Court, hereby enters judgment by default in favor of Plaintiff COLDWELL BANKER REAL ESTATE LLC and against Defendants SMILE ENTERPRISES, INC. and LANE MYERS as follows:

**IT IS THEREFORE ORDERED:**

Judgment is hereby entered in favor of Plaintiff COLDWELL BANKER REAL ESTATE LLC against Defendants SMILE ENTERPRISES, INC., a California corporation doing business as Coldwell Banker Home Real Estate and Coldwell Banker Foothill Realty, and LANE MYERS, an individual, jointly and severally, in the total amount of $13,829.48, plus attorneys fees and costs in the amount of $17,921.01, for a total of $31,750.49.

**IT IS FURTHER ORDERED THAT**

(1) Defendants and their employees, agents, and all persons acting with them or on their behalf, shall permanently be enjoined from identifying themselves with Coldwell Banker, including but not limited to taking down of all signage (external and internal), billboards, insignias, and physical landmarks with the terms "Coldwell Banker," "Coldwell" and/or "Banker" contained therein;

(2) Defendants and their employees, agents, and all persons acting with them or on their behalf, are permanently restrained and enjoined from any and all use of the Coldwell Banker marks including, but not limited to, the proprietary mark "COLDWELL BANKER®", all similar names and marks, and any name or mark containing the designation "Coldwell Banker," "Coldwell," "Banker" or any other name, designation or mark, or similar colors or lettering indicating or tending to indicate that Defendants, or any of them, is an authorized Coldwell Banker

franchisee;

(3) Defendants and their employees, agents, and all persons acting with them or on their behalf, shall promptly destroy, or surrender to Coldwell Banker, all stationery, letterheads, forms, manuals, printed matter, films, books, cassettes, videotapes, licensed software and advertising containing Coldwell Banker marks, including, but not limited to, the proprietary mark "COLDWELL BANKER®," or any similar names or marks or designation or mark indicating or tending to indicate that Defendants or any of them is or was an authorized Coldwell Banker franchisee;

(4) Defendants and their employees, agents, and all persons acting with them or on their behalf, are permanently restrained and enjoined from all advertising as a Coldwell Banker franchisee, including, but not limited to, the immediate removal of all signs from Defendants' offices which contain any Coldwell Banker marks or other identifying marks, and the immediate removal from any property then listed for sale or lease of all signs or sign posts using any Coldwell Banker marks or other identifying marks or colors, including, but not limited to, the yard sign post and cross arm, and any yard sign or other sign using colors and/or a configuration similar to any Coldwell Banker yard sign;

(5) Defendants and their employees, agents, and all persons acting with them or on their behalf are permanently restrained and enjoined from using the COLDWELL BANKER® System, including, but not limited to, operating manuals, training manuals, sales manuals and aids, listing films and books, advertising and promotional materials, and all trade secret and confidential and proprietary material delivered to Defendants pursuant to the Franchise Agreement;

(6) Defendants and their employees, agents, and all persons acting with them or on their behalf are permanently restrained and enjoined from doing anything which would indicate that Defendants or any of them is an authorized Coldwell Banker franchisee;

(7) Defendants and their employees, agents, and all persons acting with them or on their behalf shall maintain all books, records and reports required by Coldwell Banker pursuant to the Franchise Agreement that is the subject of this action for a period of not less than one (1) year from the date of entry of this Judgment and to allow Coldwell Banker to make final inspection and audit of Defendants' books and records during normal business hours within said one (1) year period for the purpose of verifying that all royalty fees, NAF contributions and other appropriate amounts have been paid;

(8) Defendants and their employees, agents, and all persons acting with them or on their behalf shall promptly cancel and discontinue use of the telephone number(s) which served Defendants' franchise locations at the time of termination and to cancel any listings that associate them with Coldwell Banker in the Yellow Pages and any other directory as well as any internet websites.

IT IS SO ORDERED.

Dated: July 7, 2011

*Valerie Baker Fairbank*
_____
U.S District Court Judge Valerie Baker Fairbank